HMG/TMF:USAO #2011R0219

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  ELH-11-200 |
| | : | |
| v. | : | (Conspiracy to Commit Access Device |
| | : | Fraud, 18 U.S.C. § 1029(b)(2); Access |
| VIVEK JAIN, | : | Device Fraud, 18 U.S.C. § 1029(a)(2), |
| | : | (a)(3); Aggravated Identity Theft, 18 |
| AMIEE ARORA, | : | U.S.C. § 1028A; Mail Fraud, 18 U.S.C. |
| | | § 1341) |
| Defendants. | | |



**UNDER SEAL**

...oOo...

**SUPERSEDING INDICTMENT**

**COUNT ONE**

The Grand Jury for the District of Maryland charges:

**INTRODUCTION**

At times relevant herein:

1.      Defendant **AMIEE ARORA ("ARORA")** lived in the Washington, DC metropolitan

region.

2.      Defendant **VIVEK JAIN ("JAIN")** lived in the Washington, DC and Philadelphia,

PA metropolitan regions.

3.      **ARORA** was the sole Director and resident agent of Top Of The Line Marketing Inc.

("TOTL Marketing"), which was a Maryland corporation  located at 9710 Traville Gateway Drive,

Suite 141, Rockville, Maryland 20850.

4.      **JAIN** worked for **ARORA** at TOTL Marketing.

5.      The State of Maryland provided unemployment benefits to Maryland residents who were involuntarily terminated from their employment and met certain other requirements, including having sufficient wages prior to the termination of employment.

6.      The Maryland Department of Labor, Licensing and Regulation ("DLLR") administered unemployment benefit programs for the State of Maryland, reviewed applications for unemployment benefits, and arranged for payments to individuals entitled to unemployment benefits.

7.      DLLR's headquarters is located in Baltimore City, Maryland, and it has customer service centers located in Baltimore City, Baltimore County, Wicomico County, Prince George's County, and Allegany County.

8.      DLLR entered into a contract with Citi Prepaid Services ("Citi") pursuant to which Citi issued prepaid VISA debit cards, which were funded by the State of Maryland with unemployment benefits, to unemployment insurance beneficiaries across Maryland.

9.      Citi mailed the debit cards to unemployment insurance beneficiaries by the U.S. mail and by commercial interstate carriers such as United Parcel Service ("UPS").

10.     Unemployment insurance beneficiaries had to apply on a bi-weekly basis to DLLR for continuing benefits -- either in person, by phone, or over the Internet.

11.     If DLLR authorized continuing benefits, they could be authorized electronically, with the State of Maryland paying Citi, and Citi placing additional funds on the beneficiary's debit card.

12.     Recipients of Maryland unemployment insurance benefits were able to use the debit cards at retailers and merchants in a manner similar to using a credit card, or use the debit cards to withdraw cash at automated teller machines (ATMs).

## THE CONSPIRACY AND ITS OBJECTS

13.     From a date unknown to the Grand Jury, but beginning at least on or about February 14, 2010, and continuing at least until on or about February 14, 2011, in the District of Maryland and elsewhere,

### AMIEE ARORA, and

### VIVEK JAIN,

the defendants herein, did knowingly and willfully combine, conspire, confederate and agree with each other, and with persons known and unknown to the Grand Jury, to commit certain offenses against the United States, namely, to knowingly and with the intent to defraud, use and traffic in unauthorized access devices and obtain more than $170,000, in violation of 18 U.S.C. § 1029.

## METHODS AND MEANS

14.     It was part of the conspiracy that **ARORA** and **JAIN** obtained the means of identification of other individuals, including the names, dates of birth, and social security numbers of Maryland residents, during the course of their employment at TOTL Marketing.

15.     It was further part of the conspiracy that **ARORA** instructed **JAIN** how to fraudulently apply for Maryland unemployment benefits using the names, dates of birth, and social security numbers of other persons.

16.     It was further part of the conspiracy that **ARORA** and **JAIN** used computers and phones to contact DLLR and Citi.

17.     It was further part of the conspiracy that **ARORA** and **JAIN** used  phones, computers, and email accounts to communicate with each other.

18.     It was further part of the conspiracy that **ARORA** and **JAIN** used means of

identification of other persons, including the names, dates of birth, and social security numbers of Maryland residents, to apply for unemployment benefits from the State of Maryland.

19.     It was further part of the conspiracy that **ARORA** and **JAIN** fraudulently used mailing addresses from real estate listings when applying for unemployment benefits.

20.     It was further part of the conspiracy that **ARORA** and **JAIN** obtained and used mailboxes at commercial establishments, including UPS stores located at 350 Fortune Terrace, Rockville, Maryland 20854, 451 Hungerford Drive, Rockville, Maryland 20850, 12154 Darnestown Road, Gaithersburg, Maryland 20878, and 2040 West 31st Street, Lawrence, Kansas 66046, to receive debit cards obtained using personal identifying information of other persons.

21.     It was further part of the conspiracy that **ARORA** and **JAIN** contacted Citi and changed the mailing address associated with unemployment insurance benefit claims so Citi would mail debit cards to mailboxes controlled by **ARORA** and **JAIN** rather than the fake addresses **ARORA** and **JAIN** used in the original DLLR application for benefits.

22.     It was further part of the conspiracy that **ARORA** and **JAIN** received debit cards issued by DLLR and Citi in the names of other persons.

23.     It was further part of the conspiracy that **ARORA** and **JAIN** used the debit cards issued by DLLR and Citi to withdraw cash at automated teller machines ("ATMs").

24.     It was further part of the conspiracy that **ARORA** and **JAIN** used for their own benefit money the State of Maryland intended for unemployed persons other than **ARORA** and **JAIN**.

25.     It was further part of the conspiracy that **ARORA** and **JAIN** traveled across state lines with the fraudulently obtained debit cards.

## OVERT ACTS

26.     In furtherance of the conspiracy, and to effect the objects thereof, at least one of the co-conspirators herein committed or caused to be committed at least one of the following acts, among others, in the District of Maryland, and elsewhere:

27.     <u>Maryland Resident With The Initials JH</u>:

27a.    On or about February 19, 2010, a member of the conspiracy contacted DLLR via the Internet and filed a claim for unemployment benefits using JH's name, date of birth, and social security number, and the address 9710 Traville Gateway Dr., Suite 141, Rockville, MD 20850.

27b.    On or about February 23, 2010, **ARORA** received the debit card purportedly issued to JH in his mailbox at 9710 Traville Gateway Dr., Suite 141, Rockville, MD 20850.

27c.    On or about March 1, 2010, **ARORA** used his cell phone with phone number (301) 807-3808 to contact Citi.

27d.    On or about March 17, 2010, a member of the conspiracy used the JH debit card to withdraw $606.75 at an ATM located at 2 Preserve Parkway, Rockville, Maryland 20852.

27e.    On or about June 15, 2010, **ARORA** used his cell phone with phone number (301) 807-3808 to contact Citi regarding the JH debit card.

27f.    On or about August 13, 2010, a member of the conspiracy used the JH debit card to withdraw $809.60 at an ATM located at 2 Preserve Parkway, Rockville, Maryland 20852.

27g.    On or about November 17, 2010, a member of the conspiracy used the JH debit card to withdraw $900 at an ATM located at 5220 Walnut Street, Philadelphia, PA 19139.

27h.    On or about February 14, 2011, **JAIN** transported the JH debit card from

Maryland to Georgia.

      28.    <u>Maryland Resident With The Initials SC</u>:

      28a.    On or about March 9, 2010, a member of the conspiracy contacted DLLR via the Internet, purporting to file SC's claim for unemployment benefits, and providing DLLR with a means of identification of SC, including SC's name, date of birth, and social security number.

      28b.    On or about March 17, 2010, a member of the conspiracy used a pay phone with phone number (301) 208-9639 to contact Citi.

      28c.    On or about March 30, 2010, a member of the conspiracy used the SC debit card to withdraw $804 from an ATM located at Montgomery Mall in Bethesda, Maryland.

      28d.    On or about May 14, 2010, a member of the conspiracy used the SC debit card to withdraw $800 from an ATM located at 3050 K Street, NW, Washington, DC 20007.

      28e.    On or about June 8, 2010, **ARORA** used the SC debit card to withdraw $807.75 from multiple ATMs located in New York, New York.

      28f.    On or about July 31, 2010, **ARORA** used the SC debit card to withdraw $816 from an ATM located at 6566 Hollywood Blvd., Los Angeles, CA 90028.

      28g.    On July 31, 2010, **ARORA** used his cell phone with phone number (301) 807-3808 to contact **JAIN** and other persons while **ARORA** was located in Los Angeles, CA.

      28h.    On or about August 12, 2010, a member of the conspiracy used the SC debit card to withdraw $404.80 from an ATM located at 2 Preserve Parkway, Rockville, Maryland 20852.

      28i.    On or about September 15, 2010, a member of the conspiracy used the SC debit card to withdraw $403.50 from an ATM located at 139-45 North 10th Street, Philadelphia, PA 19107.

29.     <u>Maryland Resident With The Initials TJ</u>:

29a.    On or about March 18, 2010, a member of the conspiracy contacted DLLR via the Internet and filed a claim for unemployment benefits using TJ's name, date of birth, and social security number.

29b.    On or about March 24, 2010, a member of the conspiracy used a pay phone with phone number (301) 315-1460, which was located at 9719 Traville Gateway Drive, Rockville, Maryland 20850, to contact Citi.

29c.    On or about June 8, 2010, **ARORA** used the TJ debit card to withdraw $707.50 from multiple ATMs located in New York, New York.

29d.    On or about July 31, 2010, **ARORA** used the TJ debit card to withdraw $406 at an ATM at 6624 Hollywood Blvd., Los Angeles, CA 90028.

29e.    On or about July 31, 2010, **ARORA** used the cell phone with phone number (301) 807-3808 to contact **JAIN** and other persons while **ARORA** was located in Los Angeles, CA 90028.

29f.    On or about August 13, 2010, **ARORA** used the TJ debit card to withdraw $809.60 from an ATM located inside the Clyde's Restaurant at 3236 M Street, NW, Washington, DC 20007.

30.     <u>Maryland Resident With The Initials MCR</u>:

30a.    On or about April 15, 2010, a member of the conspiracy contacted DLLR via the Internet and filed a claim for unemployment benefits using MCR's name, date of birth, and social security number.

30b.    On or about June 30, 2010, a member of the conspiracy contacted Citi and

requested that the MCR debit card be sent to 451 Hungerford Drive, Rockville, MD 20850.

      30c.    On or about July 19, 2010, **ARORA** and **JAIN** spoke by telephone.

      30d.    On or about July 22, 2010, **ARORA** used the MCR debit card to withdraw $806 at an ATM located at Montgomery Mall in Bethesda, Maryland.

      30e.    On or about July 31, 2010, **ARORA** used the MCR debit card to withdraw $752 at an ATM located at 6516 Hollywood Blvd., Los Angeles, CA 90028.

      30f.    On or about July 31, 2010, **ARORA** used the cell phone with phone number (301) 807-3808 to contact **JAIN** and other persons while **ARORA** was in Los Angeles, CA.

      30g.    On or about August 13, 2010, **ARORA** used the MCR debit card to withdraw $203.50 from an ATM located at 24 Montgomery Village Ave., Gaithersburg, Maryland 20879.

      30h.    On or about February 14, 2011, **JAIN** transported the MCR debit card from Maryland to Georgia.

      31.    <u>Maryland Resident With The Initials MR:</u>

      31a.    On or about April 23, 2010, a member of the conspiracy contacted DLLR via the Internet and filed a claim for unemployment benefits using MR's name, date of birth, and social security number.

      31b.    On or about June 30, 2010, a member of the conspiracy contacted Citi and requested that the MR debit card be sent to 12154 Darnestown Road, Gaithersburg, Maryland 20878.

      31c.    On or about July 19, 2010, **ARORA** used his cell phone with cell phone number (301) 807-3808 to contact Citi regarding the debit card purportedly issued to MR.

      31d.    On or about July 19, 2010, **ARORA** used the pay phone with phone number (301)

279-9840 to contact Citi regarding the debit card purportedly issued to MR.

       31e.    On or about July 22, 2010, **ARORA** withdrew $806 at an ATM located at Montgomery Mall in Bethesda, Maryland.

       31f.    On or about July 31, 2010, **ARORA** used the MR debit card to withdraw $835.60 at multiple ATMs in the general vicinity of 6400 Hollywood Blvd., Los Angeles, CA 90028.

       31g.    On or about July 31, 2010, **ARORA** used his cell phone with phone number (301) 807-3808 to contact **JAIN** while ARORA was located in Los Angeles, CA 90028.

       31h.    On or about August 13, 2010, **ARORA** used the MR debit card to withdraw $809.60 from an ATM located inside the Clyde's Restaurant at 3236 M Street, NW, Washington, DC 20007.


18 U.S.C. § 1029(b)(2)

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1-12 and paragraphs 14-30 of Count One of this Indictment, are hereby incorporated by reference as though fully set forth herein.

2.      On or about July 22, 2010, in the District of Maryland and elsewhere,

### AMIEE ARORA,

the defendant herein, did knowingly and with the intent to defraud, use and traffic in one or more unauthorized access devices, to wit: the MCR and MR prepaid debit cards issued by Citi, and during the one year period beginning on or about February 14, 2010 and continuing until on or about February 14, 2011, obtain more than $1,000, in and affecting interstate commerce.

18 U.S.C. § 1029(a)(2)
18 U.S.C. § 2

## COUNT THREE

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1-12 and paragraphs 14-30 of Count One of this Indictment, are hereby incorporated by reference as though fully set forth herein.

2.      On or about April 15, 2010, in the District of Maryland and elsewhere,

### AMIEE ARORA,

the defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person; to wit, **AMIEE ARORA** transferred, possessed, and used the name, date of birth, and social security number (ending in 6517) of another person with the initials MCR, during and in relation to (a) Conspiracy to Commit Access Device Fraud, 18 U.S.C. § 1029(b)(2), as alleged in Count One of this Superseding Indictment; (b) Access Device Fraud, in violation of 18 U.S.C. § 1029(a)(2), as alleged in Count Two of this Superseding Indictment; and (c) Mail Fraud, in violation of 18 U.S.C. § 1341, as alleged in Count Six of this Superseding Indictment.

18 U.S.C. § 1028A(a)(1), (c)(4)
18 U.S.C. § 2

## COUNT FOUR

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1-12 and paragraphs 14-30 of Count One of this Indictment, are hereby incorporated by reference as though fully set forth herein.

2.      On or about February 14, 2011, in the District of Maryland and elsewhere,

### VIVEK JAIN,

the defendant herein, did knowingly and with the intent to defraud, possess fifteen or more devices which were unauthorized access devices, in and affecting interstate commerce.


18 U.S.C. § 1029(a)(3)
18 U.S.C. § 2

## COUNT FIVE

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1-12 and paragraphs 14-30 of Count One of this Indictment, are

hereby incorporated by reference as though fully set forth herein.

2.     On or about October 11, 2010, in the District of Maryland and elsewhere,

### VIVEK JAIN,

defendant herein, did knowingly transfer, possess, and use, without lawful authority, a means of

identification of another person; to wit, **VIVEK JAIN** transferred, possessed, and used the name,

date of birth, and social security number (ending in 2516) of another person with the initials SM,

during and in relation to (a) the Conspiracy to Commit Access Device Fraud, 18 U.S.C.

§ 1029(b)(2), as alleged in Count One of this Superseding Indictment; and (b) the defendant's

illegal possession of fifteen or more unauthorized access devices, in violation of 1029(a)(3), as

alleged in Count Four of this Superseding Indictment.

18 U.S.C. § 1028A(a)(1), (c)(4)
18 U.S.C. § 2

## COUNT SIX

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1-12 and paragraphs 14-30 of Count One of this Indictment, are hereby incorporated by reference as though fully set forth herein.

### THE FRAUD AND ITS OBJECTS

2.      Beginning on or about February 14, 2010, and continuing until on or about February 14, 2011, in the District of Maryland,

### AMIEE ARORA,

the defendant herein, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud the State of Maryland and Maryland residents, and to obtain money in excess of $170,000 from the State of Maryland and others, by means of materially false and fraudulent pretenses, representations and promises, as set forth more specifically below.

### THE CHARGE

3.      On or about June 6, 2010, in the District of Maryland,

### AMIEE ARORA

the defendant herein, for the purpose of executing and attempting to execute the scheme and artifice to defraud the State of Maryland of money by means of false and fraudulent pretenses, representations and promises, as set forth above, did knowingly cause a debit card, to wit: a debit card issued in the name of JH, to be delivered by the U.S. mails from Omaha, Nebraska to Rockville, Maryland.

18 U.S.C. § 1341
18 U.S.C. § 2

## FORFEITURE

1.    Paragraphs 1-12 and paragraphs 14-30 of Counts One are hereby incorporated by reference as though fully set forth herein.

2.    As a result of the offense set forth in Counts One through Five, the defendants,

### AMIEE ARORA, and

### VIVEK JAIN,

shall forfeit to the United States all property constituting, derived from, or traceable to the gross proceeds obtained directly or indirectly as a result of these offenses, including but not limited to $170,000.

### SUBSTITUTE ASSETS

If any of the $170,000 described in this indictment as being subject to forfeiture, as a result of any act or omission of the defendants

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of $170,000.

18 U.S.C. § 982
21 U.S.C. § 853
18 U.S.C. § 1029(c)


ROD J. ROSENSTEIN
UNITED STATES ATTORNEY


A TRUE BILL:

**SIGNATURE REDACTED** ___    7/14/11
Foreperson                      Date

-16-